IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KRISTI HOLLEY,                          §
                                        §
     Plaintiff,                    §
                                        §
V.                                      §          No. 3:23-cv-1239-BN
                                        §
ITALY INDEPENDENT SCHOOL                §
DISTRICT,                               §
                                        §
     Defendant.                    §

## MEMORANDUM OPINION AND ORDER

Defendant Italy Independent School District has filed a motion to dismiss Plaintiff Kristi Holley's claims against it. *See* Dkt. No. 20 (Defendant's First Amended Motion to Dismiss). Holley has filed a response, *see* Dkt. No. 24, and Italy ISD has filed a reply, *see* Dkt. No. 25.

Holley also has filed a motion for leave to supplement her response, *see* Dkt. No. 26, and Italy ISD filed a response in opposition to the motion to supplement, *see* Dkt. No. 27.

For the reasons explained below, the Court denies Plaintiff's Motion for Leave to Supplement Response [Dkt. No. 26] and grants in part and denies in part Defendant's First Amended Motion to Dismiss [Dkt. No. 20].

## Background

The following facts are taken from Holley's First Amended Complaint [Dkt. No. 13], accepting, for the purpose of deciding Italy ISD's motion to dismiss, all

-1-

well-pleaded facts as true and viewing them in the light most favorable to Holley.

Plaintiff Kristi Holley was a high school English teacher in the Italy ISD.

In March 2023, her contract was renewed for the next school year.

On May 3, 2023, the superintendent confronted Holley about alleged misconduct, which were set forth in a document the superintendent presented to Holley. The high school principal, who was Holley's direct supervisor, was also there but said nothing.

The superintendent had monitored two weeks of video after receiving a report that Holley left early for the day without requesting coverage or leave. During that two-week period, the superintendent observed Holley leave her seventh period class early three times and leave the class unattended twice for over thirty minutes. Holley also allowed seven of her seventh period students to leave class early. After her seventh period class, Holley had a conference period from 2:49 to 3:40. The superintendent observed Holley leave for the day almost every day by 3:07. The superintendent also accused Holley of falsifying attendance records by marking a seventh-period student "present" even though the student never returned from the nurse's office.

During the confrontation, the superintendent told Holley that she would be fired if she did not resign by May 11, 2023. The superintendent put Holley on administrative leave beginning May 4, 2023, through the end of the school year on May 25, 2023.

On May 6, 2023, Holley's husband, Kyle, lost his race for reelection to the

Italy ISD school board by eight votes.

On May 11, 2023, Holley submitted a letter of resignation to the superintendent, stating that "I am resigning my position as teacher from Italy High School effective at the end of the current school year, 2022-2023."

On May 13, 2023, Holley sent a letter to the superintendent and the school board president rescinding her resignation and seeking a hearing concerning the allegations against her.

The next school board meeting was on May 15, 2023. The superintendent did not present any issue concerning Holley's employment – including alleged misconduct, Holley's resignation, rescission of the resignation, or proposed termination – at the meeting.

But, the next day, Italy ISD's counsel responded to Holley's letters, informing her counsel that the superintendent had already accepted Holley's resignation and the resignation could not be revoked. Italy ISD's counsel did not acknowledge Holley's request for a hearing or explain why it provided no hearing.

On May 25, 2023, an investigator for the State Board for Educator Certification ("SBEC") informed Holley that it had received information that could potentially impact her Texas teaching certificate. He told her that SBEC opened a case file to review and investigate allegations of inappropriate conduct while on campus and an investigation notice had been placed on her online certification record.

Holley filed this lawsuit against Italy ISD on May 31, 2023. In her Amended

Complaint, Holley asserts federal claims pursuant to 42 U.S.C. § 1983 and a state breach of contract claim. Holley alleges that the Italy ISD is a small school district. The board of trustee members all attended the local high school, as did the superintendent. According to Holley, the consistent practice or custom of the Italy ISD's board of trustees was to defer to the superintendent and acquiesce in all the superintendent's decisions concerning staffing and faculty in the district.

Except for Kyle Holley. Holley alleges that the superintendent became "defensive when questioned by Kyle Holley, and resentful that he had the knowledge, experience, and willingness to stand up to her. No one else on the school board ever challenged the Superintendent's recommendations." Dkt. No. 13 at 4 ¶ 17. After her husband lost his race for reelection to the school board, Holley knew neither the remaining trustees nor the newly elected trustee would challenge the superintendent's recommendation that she be terminated. Thus, she felt that she had no real choice but to tender her resignation since she had been constructively discharged.

Holley asserts that Italy ISD deprived and/or improperly diminished her right to procedural and substantive due process, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

Holley contends that she had a constitutional property right to continued employment in the Italy ISD through the end of the school year as well as through the next year under her renewal contract for the 2023-2024 school year and that Italy ISD deprived her of her property right in her employment without providing

her any procedural due process as required by the Fourteenth Amendment.

Holley alleges that Italy ISD violated her right to procedural due process by failing to conduct a thorough and timely investigation into the allegations of misconduct made against her that formed the basis for her proposed termination and by failing and/or refusing to provide her with a full due process hearing prior to her termination, depriving and/or improperly diminishing Holley's protected property interest in her ongoing employment contracts, her performance thereof, and her rights thereunder.

Holley also asserts that Italy ISD deprived her of her liberty interest in her good name without providing her any procedural due process as required by the Fourteenth Amendment.

Under her state law breach of contract claim, Holley asserts that she was under contract as an employee of Italy ISD at all relevant times; that her contract had been renewed and would not expire until August 2024; that Italy ISD wrongfully terminated her by letter dated May 3, 2023 and/or terminated her after she had revoked her resignation, and/or terminated her by refusing to accept her rescission or revocation of her resignation and that, in the alternative, Italy ISD constructively discharged her, by virtue of the untenable position it put her in through the actions of its Superintendent and high school principal.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to

the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely,

and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (cleaned up)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her

claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion

must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (cleaned up).

## Analysis

I.   <u>Holley's Motion to Supplement</u>

Holley requests leave to supplement her response to Italy ISD's motion to dismiss to add arguments based on deposition testimony taken after she filed her original response.

As Italy ISD correctly notes, what Holley is asking to file is a sur-reply. And the Northern District of Texas Local Civil Rules do not permit filing a sur-reply without leave of Court. See N.D. TEX. CIV. R. 7.1(f). Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

To meet its burden to show those circumstances exist, a party seeking leave to file a sur-reply must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage. *See Weems v. Hodness*, No. 10-cv-1452, 2011 WL 2731263, at *1 (W.D. Loa. July 13, 2011) (citing *Lacher*, 147 F. Supp. 2d at 539-40); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-cv-1397-P, 2003 WL 251318, at *8 (N.D. Tex.

Feb. 3, 2003).

Holley identifies no such circumstances.

Instead, she asks for leave to present to the Court deposition testimony that she asserts undermines arguments that Italy ISD has made in both its motion to dismiss and reply in support.

But "[a]side from matters of which judicial notice may be taken under Federal Rule of Evidence 201, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion." *Oyekwe v. Rsch. Now Grp., Inc.*, 542 F. Supp. 3d 496, 503 (N.D. Tex. 2021) (cleaned up). "And it would be improper to consider allegations made for the first time in a response" – much less a sur-reply – "to a motion to dismiss, as [a] claim for relief must be made through a pleading, and a response to a motion is not among the pleadings [that] are allowed under the Federal Rules of Civil Procedure." *Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2023 WL 3511561, at *4 (N.D. Tex. Apr. 25, 2023) (cleaned up), *rep. & rec. adopted*, 2023 WL 3514441 (N.D. Tex. May 17, 2023).

If "a party presents matters outside the pleadings with a Rule 12(b)(6) motion to dismiss, a court has complete discretion to either accept or exclude the evidence for purposes of the motion to dismiss. But [i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Lavish Spa & Lounge LLC v. Cap. Fund REIT LLC*, No. 3:23-cv-1751-X-BN, 2024 WL 1076819, at *2 (N.D. Tex. Feb. 1, 2024).

The Court declines Holley's request to file a sur-reply introducing testimonial evidence outside the pleadings to oppose Italy ISD's Rule 12(b)(6) motion to dismiss.

II.   Holley's Section 1983 Claims

In Defendant's First Amended Motion to Dismiss, Italy ISD seeks dismissal of all of Holley's due process claims brought under 42 U.S.C. § 1983.

Italy ISD argues that Holley was not deprived of, and has not alleged facts to articulate the deprivation of, either a property interest or liberty interest. It also argues that, even if Holley had been deprived of a constitutionally-protected property or liberty interest, she is not entitled to relief under Section 1983 because she fails to state facts demonstrating a policy, custom, or practice of the school district giving rise to any alleged constitutional deprivation.

A.   Overview of legal standards

"Under [42 U.S.C.] § 1983, a municipality or local governmental entity such as an independent school district may be held liable only for acts for which it is actually responsible." *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). That is, "[a] person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see also Moore v. Dall. Indep. Sch. Dist.*, 370 F. App'x 455, 457 (5th Cir. 2010) (per curiam) ("[A] local government entity like an independent school district cannot be held liable under a respondeat superior theory; the alleged constitutional violation must constitute the official act,

policy, or custom of the district." (citing *Doe*, 153 F.3d at 215)); *Reese v. Monroe Cnty. Sheriff's Dep't*, 327 F. App'x 461, 464 (5th Cir. 2009) (per curiam) ("Under *Monell*, the county, or its employees in their official capacities, could only be liable if the claimed constitutional deprivation resulted from a policy or custom of the county." (citation omitted)).

A plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

And, so, "[i]n municipal-liability cases," a threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

And, to meet this requirement, a plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a

court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Under the first *Monell* prong, "[o]fficial policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting, in turn, *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam) (en banc))); *see also Brown*, 985 F.3d at 497 ("An 'official policy' may take two forms – either a 'policy statement formally announced by an official policymaker' or a 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" (quoting *Zarnow*, 614 F.3d at 168-69)).

"While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 579 (cleaned up). "Deliberate indifference of this sort is a stringent test, and a showing of simple or even heightened negligence will not suffice to prove municipal culpability." *Id.* (cleaned up). "It follows that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be

-13-

determined whether each one is facially constitutional or unconstitutional." *Id.* at 579-80 (cleaned up).

And an official policy may include "practices so persistent and widespread as to practically have the force of law." *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621-22 (5th Cir. 2018)). To plausibly "plead that a practice is 'so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury.'" *Id.* (quoting *Peña*, 879 F.3d at 622). And, so, almost without exception, allegations "limited to the events surrounding the plaintiff" himself cannot constitute "an allegation of a *de facto* policy." *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015).

Instead, "[a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up; quoting *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting, in turn, *Peterson*, 588 F.3d at 850-51)). "That knowledge, coupled with a failure to act, can show the existence of a municipal policy." *Id.*

Under the second *Monell* prong, "a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making

authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (quoting *Webster*, 735 F.2d at 841).

And, under the third *Monell* prong, "a plaintiff must allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (quoting *Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010)).

As to the *Monell* liability requirement of alleging that a constitutional violation occurred, Holley alleges Section 1983 claims for violations of her Fourteenth Amendment right to procedural due process and her Fourteenth Amendment right to substantive due process.

"To state a § 1983 claim for violation of the Fourteenth Amendment right to procedural due process, a plaintiff must allege that: (1) [she] has a property interest in [her] employment sufficient to entitle [her] to due process protection, and (2) [she] was terminated without receiving the due process protections to which [she] was entitled." *Ristow v. Hansen*, 719 F. App'x 359, 364-65 (5th Cir. 2018) (cleaned up).

And, "to establish that [she] was constructively discharged in violation of the Fourteenth Amendment, [Holley] must allege facts to establish that [Italy ISD's] actions were 'motivated by a desire to avoid subjecting its actions to the scrutiny of a termination-related hearing.'" *Id.* at 365 n.28 (quoting *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1986) ("Constructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to forced discharge to

avoid affording pretermination hearing procedures."); cleaned up).

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Ristow*, 719 F. App'x at 365 (cleaned up). "Substantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (cleaned up).

And "[a]llegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right," but "damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983" under what is "known as the 'stigma-plus-infringement' test." *Ristow*, 719 F. App'x at 365-66 (cleaned up). "To recover under this [test], [Holley must] allege that: (1) [she] was discharged; (2) stigmatizing charges were made against [her] in connection with the discharge; (3) the charges were false; (4) [she] was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) [she] requested a hearing to clear his name; and (7) the employer denied [her] request." *Id.* at 366 (cleaned up).

B.   Failure to Sufficiently Plead Section 1983 Liability

Holley does not allege that she was harmed by an official school board policy. Instead, Holley alleges the Italy ISD's school board trustees' consistent practice or

-16-

custom was to defer to the superintendent and acquiesce in all the superintendent's decisions concerning staffing and faculty in the district. Holley alleges that Kyle Holley was the only school board trustee who did not follow this practice and that, after he was replaced on the school board, the trustees would unquestionably endorse the superintendent's actions concerning Holley.

But Holley has not alleged that this policy or custom deprived her of constitutionally protected property rights to continued employment with the Italy ISD or liberty rights to protect her reputation. At most, she plausibly alleges that, had the superintendent proposed Holley's termination, the board would have gone along with the superintendent's recommendation and terminated Holley. She does not allege that either of those things happened.

And, despite her allegations that Italy ISD is a small school district and that all the trustees and the superintendent went to Italy High School, knew each other, and knew all the teachers, Holley does not allege the trustees knew anything about the superintendent's allegations against her, her resignation, and attempted rescission of the resignation, or constructive discharge, much less that they took any action against Holley. And she has not alleged similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the alleged course of conduct warrants the attribution to the board of trustees of knowledge that the objectionable conduct is the expected, accepted practice.

As to the threshold requirement of alleging that a constitutional violation occurred, while the Court questions whether a Rule 12(b)(6) motion is the proper

context in which to resolve Italy ISD's argument that Texas state law tied Italy ISD's hands once Holley resigned, Holley's allegations, at least in the alternative, that she was constructively discharged do not plausibly allege that the Italy ISD trustees – or, for that matter, the superintendent – were motivated by a desire to avoid subjecting Italy ISD's alleged actions to the scrutiny of a termination-related hearing or to avoid affording Holley pretermination hearing procedures.

But Holley asks, in the event that the Court grants dismissal, for an additional opportunity to amend her complaint – which the Court finds appropriate under the circumstances and, so, dismisses these claims without prejudice to her repleading as ordered below.

III.   Holley's Breach of Contract Claim

As to Holley's pendent state law claim, Holley alleges that Italy ISD breached her contract, asserting that she "was under contract as an employee of Italy ISD at all relevant times"; that "[h]er contract had been renewed and would not expire until August 2024"; that Italy ISD "wrongfully terminated [her] by letter dated May 3, 2023 and/or terminated her after she had revoked her resignation, and/or terminated her by refusing to accept her rescission or revocation of her resignation," or, "[i]n the alternative," "constructively discharged [her], by virtue of the untenable position it put her in through the actions of its Superintendent and high school principal"; that this "wrongful termination or constructive discharge breached the terms of [Holley's] contract with" Italy ISD; and that this "breach has caused damage to [her] in at least the amount of her lost salary, benefits, retirement value, and other contractual

rights for the 2023-2024 school year." Dkt. No. 13 at 18.

Italy ISD asserts that this claim should be dismissed where there was no breach of contract (1) because, as a matter of law, Holley was entitled to and did unilaterally resign her contract of employment; (2) because Holley was not constructively discharged but, rather, voluntarily resigned; and (3) because this claim, at a minimum, must be dismissed for failure to exhaust administrative remedies.

Taking the second argument up first, Italy ISD's arguments read like a summary judgment motion, seeking to put to the test the merits of Holley's allegations in support of constructive discharge. But, insofar as a constructive discharge could support a breach of Holley's employment contract, Holley's allegations, while thin, meet the pleading requirements at this stage. And Italy's first argument likewise asks the Court, on a Rule 12(b)(6), to accept Italy ISD's view of the merits of the effect of Holley's resignation in the face of her allegations that, when resigning, she was constructively discharged.

As to Italy ISD's third argument, failure to exhaust administrative remedies is generally an affirmative defense that a defendant, not the plaintiff, must plead. And, generally, a court can dismiss for failure to state a claim, predicated on failure to exhaust, only "if the complaint itself makes clear that [the plaintiff] failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (cleaned up).

Italy ISD has not provided any authority to the contrary in this context. And Holley's operative complaint is silent as to exhaustion – and, for that matter, Italy

-19-

ISD's motion to dismiss and its reply present something of a moving target as to the basis under Texas law allegedly requiring Holley to exhaust. *See generally Vazzano v. Receivable Mgmt. Servs., LLC*, 599 F. Supp. 3d 463, 466 n,5 (N.D. Tex. 2021).

Italy ISD's sought-after dismissal of this claim "will have to await at least a motion for summary judgment." *Hayes v. MBNA Tech., Inc.*, No. 3:03-cv-1766-D, 2004 WL 1283965, at *9 (N.D. Tex. June 9, 2004).

### Conclusion

The Court denies Plaintiff's Motion for Leave to Supplement Response [Dkt. No. 26]; grants in part and denies in part Defendant's First Amended Motion to Dismiss [Dkt. No. 20]; dismisses without prejudice Holley's two 42 U.S.C. § 1983 claims; and orders that Holley must, by **Monday, April 22, 2024**, file a second amended complaint in which she (if she can do so) repleads her Section 1983 claims, consistent with this Memorandum Opinion and Order and the legal standards and rulings set out above, and that, if Holley fails to do so, her Section 1983 claims will be dismissed with prejudice without further notice.

SO ORDERED.

DATED: March 31, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE